UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 1:20-cr-00094-TWP-KMB ) |
| JOSEPH KREJSA, | ) ) ) |
| Defendant. | ) |

**PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT**

The United States of America, through the undersigned counsel, Kristen M. Clarke, Assistant Attorney General, United States Department of Justice, Civil Rights Division; Katherine G. DeVar, Trial Attorney, Civil Rights Division, Criminal Section; Zachary A. Myers, United States Attorney for the Southern District of Indiana; and Peter A. Blackett, Assistant United States Attorney, and Michelle P. Brady, Chief, Violent Crime Unit, United States Attorney's Office (collectively, "the Government"); and the Defendant, JOSEPH KREJSA, personally and through counsel, Erica MacDonald and Daniel Pulliam, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

**GUILTY PLEA AND CHARGES**

1. **Plea of Guilty:** The Defendant petitions the Court for leave to enter and agrees to enter a plea of guilty Count 5 of the Superseding Indictment, which charges the Defendant with violations of 18 U.S.C. § 1519, Obstruction of Justice (Falsification of a Report).

2. **Dismissal of Counts:** Count 8 of the Superseding Indictment, which charges the Defendant with violations of 18 U.S.C. § 1519, Obstruction of Justice (Falsification of a Report).

3.      **Potential Maximum Penalties:**  The Defendant understands and agrees that the offense to which he is pleading guilty is punishable by a maximum sentence of twenty (20) years imprisonment, a $250,000 fine, and three (3) years of supervised release.

4.      **Elements of the Offense:**  To sustain convictions for Count 5, Obstruction of Justice (Falsification of a Report) in violation of 18 U.S.C. § 1519, to which the Defendant is pleading guilty, the Government must establish each of the following elements beyond a reasonable doubt:

> FIRST:   That the defendant knowingly falsified or made a false entry into a record or document;
>
> SECOND: The defendant acted with the intent to impede, obstruct, or influence an investigation or the proper administration of any matter or contemplated matter; and
>
> THIRD:   The investigation or matter was within the jurisdiction of the United States Department of Justice or the Federal Bureau of Investigation.

## **GENERAL PROVISIONS**

5.      **Sentencing Court's Discretion Within Statutory Range:**  The Defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory ranges set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory ranges; (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory ranges; (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; (F) restitution

may be imposed; and (G) once the Defendant pleads "Guilty," the Court may impose the same punishment as if he had pleaded "Not Guilty," had stood trial, and been convicted by a jury.

6. **Sentencing Court Not Bound by Guidelines or Recommendations:** The Defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the Defendant's sentence is within the discretion of the Court. The Defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines that a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, the Defendant will <u>not</u> be permitted to withdraw this plea of guilty for that reason and will still be bound by this plea of guilty.

7. **No Limitation on Background Information:** The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence. The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

8. **Good Behavior Requirement:** The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws. Additionally, the Defendant agrees to fully comply with all conditions of release during any and all stages of this case, should such conditions be imposed by the Court. If the Defendant violates any state or federal law, or fails to fully comply with conditions of release, then the Government may at its sole discretion withdraw from this Plea Agreement.

9. **Plea Agreement Based on Information Presently Known:** The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the Defendant based on information currently known to the Government. The Government will inform the Court and the Defendant at the time of taking the Defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the Defendant.

10. **No Protection from Prosecution for Unknown or Subsequent Offenses:** The Defendant acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the Government at this time. The Defendant further acknowledges and agrees that nothing in this Plea Agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

11. **Rights Under Rule 11(b), Fed. R. Crim. P:** The Defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the Defendant gives under oath during the guilty plea colloquy. The Defendant also understands that he has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The Defendant also understands that the Constitution guarantees him the right to be

considered for release until trial[1]; and if he is found guilty of the charge, the right to appeal the conviction on such charge to a higher court. The Defendant understands that if the Court accepts this plea of guilty, the Defendant waives all of these rights.

12. **Rights under Fed. R. Evid. 410(a) and Fed. R. Crim. P. 11(f):** The Defendant, upon signing this Plea Agreement, knowingly, voluntarily, and expressly waives his rights pursuant to Rule 410(a) of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure. The Defendant understands and agrees that in the event that he violates the Plea Agreement, withdraws his decision to plead guilty, or causes his guilty plea to be later withdrawn or otherwise set aside, any statements he made to law enforcement or to an attorney for the prosecuting authority during plea discussions, and any statements he made during any court proceeding involving his plea of guilty (including any factual bases or summaries, such as those set forth in Paragraph 19 of this Plea Agreement), shall be admissible for all purposes against the Defendant in any and all future criminal proceedings. The Defendant waives all claims under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the Defendant's statements pursuant to this Plea Agreement, or any leads derived from such statements, should be suppressed or are inadmissible.

## SENTENCE OF IMPRISONMENT

13. **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter, as long as their recommendations are not inconsistent with this agreement.

---

[1] Title 18, U.S.C. §§ 3141-3156, <u>Release and Detention Pending Judicial Proceedings</u>.

      a.    **Government's Recommendation:** The Government agrees to recommend a sentence at the low end of the advisory sentencing guidelines range determined by this Court, provided that the Defendant (i) continues to fully accept responsibility for the offenses, (ii) does not commit a new criminal offense before the date of any sentencing, and (iii) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

      b.    **Defendant's Recommendation:** The Defendant may recommend any sentence authorized by statute (but may not recommend guideline calculations that are inconsistent with this agreement).

14.    **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning the duration of any term of supervised release, and the terms and conditions of the release.

## MONETARY PROVISIONS AND FORFEITURE

15.    **Mandatory Special Assessment:** The Defendant will pay a total of $100.00 on or before the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

16.    **Fine:** The Government agrees not to request the imposition of a fine. Notwithstanding the Government's position, the Defendant understands that whether a fine is to be imposed, and the amount and payment terms of any such fine, shall be determined by the Court.

17.    **Restitution:** The Defendant acknowledges restitution may be ordered as part of the sentence in this case.

18.    **Obligation to Pay Financial Component of Sentence**: If the Defendant is unable to pay any financial component of the Defendant's sentence on the date of sentencing, then the

Defendant agrees that the payment of the financial component should be a condition of supervised release.  The Defendant has a continuing obligation to pay the financial component of the sentence.  The Defendant further agrees that as of the date this Plea Agreement is filed, the Defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the Defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court, and authorizes the Government to obtain credit reports relating to the Defendant for use in the collection of any fines, restitution, and money judgments imposed by the Court.  The Defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office.  If the Defendant is ever incarcerated in connection with this case, the Defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## FACTUAL BASIS FOR GUILTY PLEA

19.    **Stipulated Factual Basis:**  The parties stipulate and agree that the following facts are true and that the United States could prove the following facts to a jury beyond a reasonable doubt if the case went to trial.  The parties further stipulate and agree that such facts establish a sufficient factual basis for the Defendant's plea of guilty to the offenses set forth in Paragraph One, above.  The parties acknowledge that such facts are only a partial summary of the Government's evidence.  The parties reserve the right to present additional evidence at the time of sentencing, if they so choose, and this paragraph is not intended to foreclose the presentation of such additional evidence.

      a.    The Defendant stipulates that on or about between August 9 and 14, 2018, the Defendant was employed as a Sergeant by the Muncie Police Department ("MPD") in Muncie, Indiana, which is located in Delaware County, in the Southern District of Indiana.

  b. On or about August 9, 2018, the Defendant responded to the scene of an arrest involving a civilian with the initials L.G. When he arrived on the scene, other MPD officers under his supervision had L.G. handcuffed and on the ground, and L.G.'s face was visibly injured. MPD officers took L.G. to the hospital.

  c. The day after the arrest, the Defendant, as the sergeant on duty, conducted a supervisory review of the incident. As part of that review, he noted on Officers Winkle and Posey's reports that he had watched the videos of the incident and that all of the uses of force were "justified."

  d. Several days later, on or about August 13 and August 14, 2018, the captain of the patrol division tasked the Defendant with conducting a more in-depth review of the officers' uses of force during L.G.'s arrest. This request was separate from the typical shift sergeant review.

  e. In response to this request, the Defendant then watched the involved-officers' body worn camera videos. The body camera footage that the Defendant reviewed shows the following:

    i. In response to a 911 call, two MPD officers who were under the Defendant's supervision – Chase Winkle and Corey Posey – arrive on scene and locate L.G. in an alley way. When Officers Winkle and Posey initially approach L.G., Posey issues several verbal commands to L.G., including to put his hands on his head and to get on the ground. L.G. complies with those commands.

    ii. Posey orders L.G. to give Posey his hands, and pulls L.G.'s right arm back without difficulty; L.G. voluntarily gives Posey his left arm. As Posey holds both of L.G.'s hands behind his back, L.G. directs a verbal insult towards Posey and/or Winkle. In response to the verbal insult, Winkle, who had been

8

walking toward L.G.'s legs, turns around, walks toward L.G.'s head, lifts his left knee, and, using his knee, drops his bodyweight down onto L.G.'s neck and head area. L.G. screams out words to the effect of "he crushed my whole face" and pulls his hands towards his face. L.G. continues screaming loudly in pain.

      iii.      Posey, still positioned near L.G.'s waist, orders L.G. to put his hands behind his back, and pulls L.G.'s right arm behind his back; L.G. again voluntarily gives Posey his left arm. Although Posey has hold of both of L.G.'s hands, Posey does not handcuff L.G. and instead repeatedly yells "Give me your hands." L.G. eventually pulls his arms away from Posey.

      iv.      Winkle tells Posey that he is going to tase L.G., and Posey gets off of L.G.'s body. Winkle then deploys taser prongs into L.G.'s back and activates the taser.

      v.      Upon being tased, L.G. rolls on the ground, squirming, and then gets up to a standing position and appears to try to run away. L.G. stumbles approximately 10-15 feet away before two more officers – Officers Gibson and J.J. – arrive on scene and take L.G. to the ground near one of the patrol cars. Several officers then strike and tase L.G. multiple times. After about one minute of what appears to be a disorganized melee, Officer Gibson stomps his right boot down onto L.G.'s already-visibly-injured head and then continues to stand in this position, applying pressure to L.G.'s head and neck area with his foot. At this point, L.G. is lying on his side relatively still, audibly whimpering.

      vi.      Officer J.J. puts L.G's right hand in a handcuff as other officers (Gibson, Posey, and Winkle) yell at L.G. to put his left hand (which is still uncuffed) behind his back. Officer J.J. passes L.G.'s handcuffed right arm to

Officer Gibson, and instructs Gibson to lift his foot up slowly. As Gibson lifts his foot, Officer J.J. grabs L.G.'s left arm and, together, they begin to lift his upper body off the ground. L.G. appears mostly limp and non-resisting as officers raise him into an almost seated position, at which point Officer Gibson delivers two forceful knee strikes directly to L.G.'s face, knocking him backwards. L.G. falls to his stomach, whimpering, and officers finish handcuffing him behind his back. The Defendant, Sgt. Krejsa, arrives on scene as L.G. is being handcuffed and L.G. is then transported to the hospital.

  f. After reviewing the officers' body camera videos, the Defendant knowingly authored a lengthy memorandum for MPD's official records that contained several false statements, and misleadingly suggested that officers initially used minimal levels of force and escalated to deadly force only after exhausting all lower levels. Specifically, the Defendant (1) falsely implied that any force used against L.G. was justified to ensure officer safety and to effectuate L.G.'s arrest, when in fact the Defendant knew that the force used against L.G. was not justified; (2) falsely asserted that officers used only low levels of force near the start of the incident, when in fact the Defendant knew that Officer Winkle had used a high level of force, including deadly force, near the start of the incident; (3) falsely asserted that officers escalated to higher levels of force only after lower levels of force were ineffective, when in fact the Defendant knew that Officer Winkle had used a high level of force, including deadly force, before lower levels of force were used; (4) falsely stated that Officer Winkle "kneeled on [L.G.]'s left shoulder and upper body," when in fact the Defendant knew that Officer Winkle had used his knee to strike L.G.'s head and neck area; and (5) falsely implied that Officer Winkle's uses of force against L.G. caused

only cuts to L.G.'s face, when in fact the Defendant knew that Officer Winkle's uses of force against L.G. caused serious bodily injury to L.G.

  g. The Defendant agrees that as part of his employment with MPD, he had been trained never to knowingly include false statements in, or omit material information from, an official report for MPD, and that he knew during all relevant times that the type and level of force used, the location on an arrestee's body where an officer makes contact during a use-of-force incident, the arrestee's level of resistance or compliance, and injuries sustained by an arrestee as a result of an officer's use of force were all material facts that were required to be included in an official report for MPD.

  h. The Defendant admits that the inaccuracies and material omissions in his report and documents were intended to influence any possible investigation into the incident.

  i. The Defendant further admits that the matter to which his report related (i.e., an officer's unreasonable use of force against an arrestee) and the investigation arising therefrom constitute matters within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States.

## SENTENCING GUIDELINE STIPULATIONS

20. **Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The

11

2018 version of the Sentencing Guidelines has been used by the parties to make the stipulations regarding the applicable provisions of the Sentencing Guidelines and grouping

21.     The parties agree that the following Sentencing Guidelines and enhancements as set forth in the chart below apply:

| APPLICABLE U.S.S.G. PROVISION | COUNT 5 | |
|---|---|---|
| §§ 2J1.2(c)(1) / 2X3.1 / 2H1.1(a)(1) / 2A2.2(a) | Base Offense Level (Obstruction of Justice guideline cross references to accessory-after-the-fact, which cross-references to the underlying civil rights offense, which cross-references to the underlying offense for the civil rights offense (Aggravated Assault)) | 14 |
| § 2A2.2(b)(3)(B) | Victim Sustained Serious Bodily Injury | + 5 |
| § 2H1.1(b)(1) | Committed Under Color of Law | + 6 |
| § 2X3.1(a)(1) | Obstruction/Accessory After the Fact | - 6 |
| | **Total Offense Level** | **19** |

22.     **Acceptance of Responsibility:**  To date, the Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct charged in Count 5.  Based upon the Defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this, the Government agrees that the Defendant should receive a two (2) level reduction *provided* the Defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing.  After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level.  The parties reserve the right to present evidence and arguments concerning the Defendant's acceptance of responsibility at the time of sentencing.

23.     **Final Offense Level:**  The parties stipulate that the final offense level, after a three-level reduction for acceptance of responsibility, is **16.**

## WAIVER OF RIGHT TO APPEAL

24. **Direct Appeal:** The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The Defendant further expressly waives any and all challenges to the statute to which the Defendant is pleading guilty on constitutional grounds, as well as any challenge that the Defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

25. **Later Legal Challenges:** Additionally, the Defendant expressly agrees not to contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, <u>except</u> as follows:

    A. **Ineffective Assistance of Counsel:** As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

    B. **Retroactive Sentencing Guidelines Reductions:** As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the Defendant's offense and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the Defendant from filing a motion with

the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the Defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the Defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

C. **Motions for Compassionate Release**: As concerns the Section 3582 waiver, the Defendant reserves the right to file motions seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i). Any such motion must be based on one or more "extraordinary and compelling reasons" established by the Defendant and consistent with U.S.S.G. § 1B1.13 and the governing interpretations of that provision and its application notes (or, in the event of amendment of that U.S.S.G. provision or the relevant application notes, the provision(s), if any, with the same effect at the time of the filing of the motion for sentence reduction). The Defendant further agrees that under application note 1(D), as it appears in the 2018 Guidelines Manual, the Defendant may assert only those reasons set forth in the relevant Bureau of Prisons program statement in effect at the time of the Defendant's motion (currently Program Statement 5050.50). The Government further reserves the right to oppose any motion for compassionate release on any other grounds.

26. **No Appeal of Supervised Release Term and Conditions:** The Defendant waives the right to appeal the length and conditions of the period of supervised release.

## PRESENTENCE INVESTIGATION REPORT

27. The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

28. The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by a Judge, Defendant's counsel, the Defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

### STATEMENT OF THE DEFENDANT

29. By signing this document, the Defendant acknowledges the following:

   a. I have received a copy of the Superseding Indictment and have read and discussed it with my attorneys. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all future readings of the Indictment in open Court.

   b. I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Superseding Indictment, and believe and feel that my attorneys are fully informed as to all such matters. My attorneys have since informed, counseled, and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

   c. I have read the entire Plea Agreement and discussed it with my attorneys.

   d. I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

   e. Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that

before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

      f.      I am fully satisfied with my attorneys' representation during all phases of this case.  My attorneys have done all that anyone could do to counsel and assist me and to ensure that I fully understand the proceedings in this case against me.

      g.      I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

      h.      I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime to which I am entering my plea.

      i.      I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

      j.      My attorneys have informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

      k.      If this matter is currently set for trial on the Court's calendar, I request that this date be continued as necessary to permit the Court to consider this proposed guilty Plea Agreement.  I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

## **CERTIFICATE OF COUNSEL**

30.      By signing this document, each counsel for the Defendant certifies as follows:

      a.      I have read and fully explained to the Defendant all the accusations against him which are set forth in the Superseding Indictment in this case;

      b.      To the best of my knowledge and belief, each statement set forth in the foregoing Petition to Enter Plea of Guilty and Plea Agreement is in all respects accurate and true;

      c.      The Defendant's plea of "Guilty" as offered by the Defendant in the foregoing petition to enter a plea of guilty and plea agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with my advice to the Defendant; and I concur in the Defendant pleading "Guilty," as set forth in this Petition to Enter Plea of Guilty and Plea Agreement;

      d.      In my opinion, the Defendant's waiver of all readings of the Indictment in open court, and in all further proceedings, is voluntarily and understandingly made; and I recommend that the waiver be accepted by the Court;

      e.      In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

## **FINAL PROVISION**

31.    **Complete Agreement:**  The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document and the addendum to this document, to induce the Defendant to plead guilty.  This document and the addendum constitute the complete and only Plea Agreement between the Defendant, the United States Attorney for the Southern District of Indiana, and the Civil Rights

Division and is binding only on the parties to the plea agreement, supersede all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

FOR THE GOVERNMENT:

KRISTEN M. CLARKE
Assistant Attorney General
Department of Justice
Civil Rights Division

1/4/2023
DATE

Katherine G. DeVar
Trial Attorney

ZACHARY A. MYERS
United States Attorney
Southern District of Indiana

1/4/2023
DATE

Peter A. Blackett
Assistant United States Attorney

1/4/2023
DATE

Michelle P. Brady
Chief, Violent Crime Unit

FOR THE DEFENDANT:

1-4-23
DATE

JOSEPH KREJSA
Defendant

18

January 4, 2023
DATE

_____
Erica MacDonald
Attorney for the Defendant

January 4, 2023
DATE

_____
Daniel Pulliam
Attorney for the Defendant